UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANDLOCK NATURAL PAVING, INC., | ) | |
| | ) | |
| Plaintiff | ) | 12 C 2893 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| DESIN L.P., STILES PAINT MANUFACTURING INC. d/b/a/ Tresco Paint Manufacturing, and TRESCO PAINT MANUFACTURING INC., | ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Landlock Natural Paving, Inc., brings this diversity suit against three entities—Stiles Paint Manufacturing Inc. d/b/a Tresco Paint Manufacturing ("Stiles"); Tresco Paint Manufacturing Inc. ("Tresco"); and Desin, L.P. ("Desin")—alleging claims under the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and for common law breach of contract, fraudulent misrepresentation, negligent misrepresentation, and unjust enrichment. Doc. 23. Stiles answered. Doc. 27. A default judgment was entered against Desin after it failed to appear. Doc. 43. Tresco has moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims against it. Doc. 31. The motion is granted in part and denied in part.

**Background**

In considering Tresco's motion to dismiss, the court assumes the truth of the amended complaint's factual allegations, though not its legal conclusions. *See Munson v. Gaetz*, 673 F.3d 630, 632 (7th Cir. 2012). The court also must consider "documents attached to the complaint,

documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Landlock's brief opposing dismissal, so long as those facts "are consistent with the pleadings." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The following facts are set forth as favorably to Landlock as these materials allow. *See Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012).

Landlock is an international paving company and consultant that purchases, delivers, and installs paving products. Doc. 23 at ¶ 4. Stiles and Tresco manufacture soil stabilization products for use in the paving industry. *Id*. at ¶¶ 1-2. The complaint alleges that Stiles and Tresco "are the same company, with the same principal place of business and same ownership," does not distinguish Stiles from Tresco, and refers to them together as "Tresco." *Id*. at ¶¶ 1-2, 11-13, 24, 36. The court neither endorses nor rejects Landlock's allegation that Stiles and Tresco are the same company; however, whenever the complaint makes an allegation against "Tresco," the court assumes at this stage of the case that the reference is to Tresco, either alone or together with Stiles. Desin purchases products from Tresco for distribution. *Id*. at ¶ 3.

In August 2009, Landlock entered into a contract with Tresco and Desin to purchase 2500 gallons of DB-700 Soil Stabilizer ("Product") at a cost of $105,782.70. *Id*. at ¶¶ 5, 43, 49. Tresco and Desin represented to Landlock that the Product would function as a soil stabilizer. *Id*. at ¶¶ 6, 57. Tresco also represented that the Product was consistent with items it had previously marketed to Landlock. *Id*. at ¶ 57. Landlock paid for the Product via wire transfer into Desin's account, and Desin took a commission as distributor and forwarded the rest of the proceeds to Tresco. *Id*. at ¶ 7.

Landlock received the Product in or about September 2009. *Id*. at ¶ 8. In October 2009, Landlock shipped some of the Product to Thailand. *Id*. at ¶ 31. In March 2010, Landlock shipped some of the Product to Ghana. *Id*. at ¶ 33. The Product failed in both countries to perform its material function as a soil stabilizer. *Id*. at ¶¶ 32, 34. Landlock had the Product independently tested in or about December 2009. *Id*. at ¶ 35. The testing revealed that the Product was deficient, inconsistent, and lacking in viscosity. *Id*. at ¶ 36. Landlock was unable to use any of the Product and suffered economic losses as a result, including the direct cost of the Product, shipping costs, expenses incurred for various demonstrations in Ghana and Thailand, laboratory testing expenses, and storage expenses. *Id*. at ¶ 38.

## Discussion

As noted above, in addition to its ICFA claim, Landlock brings several common law claims. The parties do not explicitly address choice of law, but because Illinois is the forum State, and because the parties' briefs focus on Illinois law, that is the law the court will apply. *See Kochert v. Adagen Med. Int'l, Inc.,* 491 F.3d 674, 677 (7th Cir. 2007) ("Where the parties have not identified a conflict in state law, we will generally apply the law of the forum state."); *McFarland v. Gen. Am. Life Ins. Co.*, 149 F.3d 583, 586 (7th Cir. 1998).

I.    **Breach of Contract (Count II)**

Count II alleges that Tresco breached the August 2009 contract by supplying deficient Product. Doc. 23 at ¶¶ 48-55. Under Illinois law, a plaintiff alleging breach of contract must show: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Reger Dev., LLC, v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life*

*Ins. Co.*, 814 N.E.2d 960, 967 (Ill. App. 2004)); *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 560 (7th Cir. 2012); *Roberts v. Adkins*, 921 N.E.2d 802, 810 (Ill. App. 2010). The amended complaint alleges that "Plaintiff, Landlock, and Defendants, Tresco and Desin, entered into a contract" and that "Plaintiff fulfilled all of its obligations under the contract when it tendered $105,782.70 to Defendants." Doc. 23 at ¶¶ 49-50. The amended complaint further alleges that "Tresco supplied the deficient product to Defendant Desin LP," that "Tresco received monies from Landlock in exchange for the deficient product," and that Landlock "suffered damages" resulting from Tresco's failure to comply with the contract. *Id*. at ¶¶ 51-52, 55. Those allegations are sufficient to state a contract claim.

Tresco makes much of the fact that Landlock did not attach a copy of the contract to the amended complaint. Doc. 31 at 4. That critique is misguided, as a plaintiff in federal court need not attach evidence to its complaint. *See Hurst v. Hantke*, 634 F.3d 409, 411 (7th Cir. 2011) (noting that the Federal Rules of Civil Procedure do not "require a plaintiff to attach evidence to his complaint"); *Arnold v. Janssen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 962 (N.D. Ill. 2002) ("federal courts, unlike Illinois state courts, do not require that critical documents be attached to the complaint"); *Widman v. Sun Chem.*, 2012 WL 2192236, at *2 (N.D. Ill. June 14, 2012) (same). In any event, Landlock's response brief attaches documentation—invoices on Tresco letterhead indicating the shipment of soil stabilizer to Landlock's corporate address and billed to Desin's corporate address—supporting its allegation that there was a three-way contract between Landlock, Desin, and Tresco. Doc. 37-1.

II.     **Fraudulent Misrepresentation (Count III)**

Count III alleges that Tresco defrauded Landlock by intentionally misrepresenting that the Product was capable of performing as a soil stabilizer. Doc. 23 at ¶¶ 56-59. Tresco argues that this common law fraud claim is defeated by the economic loss doctrine, also known as the *Moorman* doctrine, Doc. 31 at 4, which "bars recovery in tort for purely economic losses arising out of a failure to perform contractual obligations." *Wigod*, 673 F.3d at 567; *see Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982). The doctrine does not, however, apply to fraud claims. *See Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 48 (Ill. 1997) (recognizing an exception to the *Moorman* doctrine "where the plaintiff's damages are proximately caused by a defendant's intentional, false representation"); *2314 Lincoln Park West Condo. Ass'n v. Mann, Gin, Ebel & Frazier, Ltd.*, 555 N.E.2d 346, 352 (Ill. 1990); *Moorman Mfg. Co.*, 435 N.E.2d at 452; *Waldinger Corp. v. CRS Grp. Eng'rs, Inc., Clark Dietz Div.*, 775 F.2d 781, 791-92 (7th Cir. 1985).

Although the *Moorman* doctrine does not defeat Landlock's fraud claim, the claim fails for another reason. "In order to state a cause of action for common law fraud [under Illinois law], a complaint must allege (1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 607 N.E.2d 165, 174 (Ill. 1992) (internal quotation marks omitted); *see also Athey Prods. Corp. v. Harris Bank Roselle*, 89 F.3d 430, 434 (7th Cir. 1996) ("Under Illinois law … the elements of common law fraud are: (1) a false statement of material fact; (2) by one who knows or believes it to be false; (3) made with

the intent to induce action by another in reliance on the statement; (4) action by the other in reliance on the truthfulness of the statement; and (5) injury to the other resulting from that reliance."). Moreover, a plaintiff alleging fraud in federal court must comply with Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008) (internal quotation marks omitted); *see also Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011). "This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011). Rule 9(b) recognizes that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *see also Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).

The amended complaint fails to comply with Rule 9(b). Its most particularized fraud allegations are that "Tresco represented and warranted that the product manufactured by Defendants Tresco was capable of performing its material use as a soil stabilizer" and that "Tresco represented and warranted that the product sold to Plaintiff was consistent with the product marketed by Defendant Tresco to Plaintiff prior to purchase." Doc. 23 at ¶ 57. The amended complaint refers to these representations as "deceptive statements and

misrepresentations," "concealments and suppressions of material facts," and "intentional misrepresentations, deceptions and fraudulent concealments." *Id.* at ¶¶ 57-59. These allegations lack the "who, what, when, where, and how" required by Rule 9(b). *See AnchorBank*, 649 F.3d at 615; *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 730 (7th Cir. 1998) ("These conclusory allegations fail to specify the time, place and content of any of the misrepresentations attributed to these defendants and therefore fall short of the particularity demanded by Rule 9(b).").

Because Count III fails to plead a viable fraud claim, it is dismissed. But because Landlock has requested a chance to replead, the dismissal is without prejudice, and Landlock is given one leave to file a second amended complaint that adequately pleads a fraud claim. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible."); *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("As a general matter, Rule 15 ordinarily requires that leave to amend be granted at least once when there is a potentially curable problem with the complaint or other pleading.").

**III.     Negligent Misrepresentation (Count IV)**

Count IV alleges that Tresco negligently misrepresented to Landlock that the Product was capable of performing as a soil stabilizer. Doc. 23 at ¶¶ 60-64. Tresco again invokes the *Moorman* doctrine as a defense. The doctrine does apply to negligent misrepresentation claims, *see Wigod*, 673 F.3d at 574, but there is an exception where "the plaintiff's damages are proximately caused by a negligent misrepresentation by a defendant in the business of supplying information for the guidance of others in their business transactions." *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 693 (7th Cir. 2011) (quoting *First Midwest Bank, N.A. v. Stewart Title*

*Guar. Co.*, 843 N.E.2d 327, 333-34 (Ill. 2006)). "An allegation that the defendant is in the business of supplying information for the guidance of others is a legal conclusion that must be supported with well-pleaded factual allegations." *Tyler v. Gibbons*, 857 N.E.2d 885, 888 (Ill. App. 2006). "[I]f the intended end result of the plaintiff-defendant relationship is for the defendant to create a product, a tangible thing, then the defendant will not fit into the 'business of supplying information' negligent misrepresentation exception." *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 95 (Ill. App. 2002) (internal quotation marks omitted).

The amended complaint does not adequately allege that Tresco is in the business of supplying information for the guidance of others. To the contrary, the amended complaint alleges that Tresco is a "manufacture[r]," "suppl[ier]," and "seller" of soil stabilization products. Doc. 23 at ¶¶ 2, 6, 24, 51, 67. Accordingly, the exception to the *Moorman* doctrine does not apply here and the negligent misrepresentation claim is dismissed. *See R.J. O'Brien & Assocs., Inc. v. Forman*, 298 F.3d 653, 656 (7th Cir. 2002); *Budnick Converting, Inc. v. Nebula Glass Int'l, Inc.*, 866 F. Supp. 2d 976, 996 (S.D. Ill. 2012) (finding the exception to the *Moorman* doctrine inapplicable where the defendant was "a manufacturer and supplier of insulated glass products," even though the defendant supplied the plaintiff with information about its products); *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 912 (N.D. Ill. 2006) (same where the defendant was "in the business of manufacturing and supplying robotic equipment"). Although it is unlikely that Landlock will be able to cure this defect, the court will err on the side of caution and give Landlock one opportunity to replead the negligent misrepresentation claim.

## IV. ICFA (Count V)

Count V alleges that Tresco violated the ICFA by intentionally misrepresenting that the Product was capable of performing as a soil stabilizer. Doc. 23 at ¶¶ 65-72. "When a plaintiff in federal court alleges fraud under the ICFA, the heightened pleading standard of Federal Rule of Civil Procedure 9(b) applies." *Pirelli Armstrong*, 631 F.3d at 441; *see also Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 883 (7th Cir. 2005) ("a complaint made pursuant to the ICFA must be pled with the same specificity as that required under common law fraud") (internal quotation marks omitted). As discussed above, Landlock's fraud allegations do not satisfy Rule 9(b). Accordingly, like the common law fraud claim, the ICFA claim is dismissed without prejudice.

## V. Unjust Enrichment (Count VI)

Count VI alleges that Tresco was unjustly enriched when Landlock paid Tresco for Product that was substandard. Doc. 23 at ¶¶ 73-77. "In Illinois, to state a cause of action based on a theory of unjust enrichment, a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011) (alterations and internal quotation marks omitted). That said, "if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim." *Id*. at 517; *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) ("Here, Siegel's theory of unjust enrichment is based on the defendants' conduct which he deemed unfair under ICFA. We rejected his ICFA claim. And absent that the defendants engaged in an unfair practice, Siegel's unjust enrichment claim is not viable.").

Landlock's response brief admits that its unjust enrichment claim rests on the same predicate as its statutory and common law fraud claims. Doc. 37 at 5. Accordingly, the unjust enrichment claim is dismissed without prejudice for the same reason as the fraud claims. *Assoc. Benefits Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007) ("where the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well") (emphasis omitted).

## Conclusion

For the foregoing reasons, Tresco's motion to dismiss is granted with respect to Counts III, IV, V, and VI, and denied with respect to Count II. The dismissal of Counts III, IV, V, and VI is without prejudice. Landlock has until October 2, 2013, to file a second amended complaint that seeks to replead Counts III, IV, V, and VI.

September 11, 2013

_____
United States District Judge