UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LANDLOCK NATURAL PAVING, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 2893 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| DESIN L.P., DESIN MANAGEMENT LLC, JOEL DESIN, and BRIAN MURPHY, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Landlock Natural Paving, Inc., brought this diversity suit against Stiles Paint Manufacturing, Inc. d/b/a Tresco Paint Manufacturing ("Stiles"), Tresco Paint Manufacturing Inc. ("Tresco"), and Desin L.P., alleging violations of Illinois law. Doc. 23. A default judgment in the amount of $242,141.98 was entered against Desin L.P. after it failed to appear. Docs. 42-43. The court granted in part and denied in part Tresco's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Docs. 49-50 (reported at 2013 WL 4854361 (N.D. Ill. Sept. 11, 2013)). Then, on Landlock's motion, the claims against Stiles and Tresco were dismissed with prejudice, and Landlock was given leave to file a second amended complaint. Doc. 61.

The second amended complaint, which was filed on May 30, 2014, alleges breach of contract and common law fraud and names four defendants. Doc. 63. One defendant is Desin L.P., against which a default judgment had already been entered. The other three defendants are new: Desin Management LLC ("Desin Management"), Joel Desin ("Desin"), and Brian Murphy. Doc. 63. Desin and Murphy filed appearances. Docs. 64-65. At a status hearing on July 17, 2014, Desin and Murphy's counsel reported that they had not been served with summons and offered to accept service on their behalf; Landlock's attorney responded to the offer by saying

1

that he would effect service within seven days. When the court asked whether Desin and Murphy had waived service by appearing, their attorney indicated that appearing did not waive service; the court left the issue open and gave Desin and Murphy until August 15, 2014 to answer or otherwise plead. Doc. 66.

Desin and Murphy timely answered and asserted several affirmative defenses, including insufficient service of process under Rule 12(b)(5). Doc. 67. At a status hearing five days later, Desin and Murphy's attorney again noted that they had not been served with summons, and further noted that summons had not even issued. When the court asked whether Desin and Murphy had waived service by appearing *and* answering, their attorney replied that service was still required and that their answer had preserved the issue. Two months later, Desin and Murphy moved under Rule 12(i) for dismissal pursuant to their Rule 12(b) defenses and also for judgment on the pleadings under Rule 12(c). Doc. 74; *see* Fed. R. Civ. P. 12(i) ("If a party so moves, any defense listed in Rule 12(b)(1)-(7)—*whether made in a pleading or by motion*—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.") (emphasis added); *King v. Taylor*, 694 F.3d 650, 657 n.2 (6th Cir. 2012).

"After commencing a federal suit, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, she must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m)." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004 (7th Cir. 2011). "A defendant may enforce the service of process requirements through a pretrial motion to dismiss [under] Fed. R. Civ. P. 12(b)(5)." *Id*. at 1005; *see* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1353, at p. 334 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for

challenging … the lack of delivery of the summons and complaint."). When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred. *See Cardenas*, 646 F.3d at 1005; *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

Landlock admits that it failed to serve summons on Desin and Murphy, but seeks an extension under Rule 4(m) to effectuate service. Doc. 79 at 1-4. Rule 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). When presented with an extension request under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service. If good cause is shown, the court *shall* extend the time for service for an appropriate period." *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Landlock admits that it "cannot show good cause for its failure to serve Defendants." Doc. 79 at 3.

Where, as here, "good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Panaras*, 94 F.3d at 340; *see also Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). "[S]ome factors that the court may consider in its decision" include: "(1) whether the expiration of a statute of limitations during the pending action would prevent refiling, (2) whether the defendant evaded service, (3) whether the defendant's ability to defend would be prejudiced by an extension, (4) whether the defendant had actual notice of the lawsuit, and (5) whether the defendant was eventually served." *Cardenas*, 646 F.3d at 1006. Other factors include "whether [the plaintiff] ever requested an extension from the court due to difficulties in

perfecting service … and whether [the plaintiff] diligently pursued service during the allotted period." *Id*. at 1007.  "Further, even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Ibid*.

Some factors weigh in favor of an extension.  Desin and Murphy's ability to defend the suit would not be prejudiced by an extension, as they have been participating since shortly after they were added as defendants, and they certainly had actual notice of the suit.  It also is likely that if the fraud and contract claims against Desin and Murphy are dismissed, refiling would be barred by the statute of limitations.  The parties agree that Landlock's contract and fraud claims accrued on August 24, 2009.  Doc. 79 at 3; Doc. 81 at 6.  Landlock assumes that both claims are subject to a five-year statute of limitations.  Doc. 79 at 3.  Desin and Murphy suggest that Landlock's contract claim might instead be subject to a four-year statute of limitations.  Doc. 81 at 6.  Landlock filed the second amended complaint on May 30, 2014, which was 86 days before the expiration of the five-year statute of limitations and about nine months after the expiration of the four-year statute of limitations.  So, even if the statute had already run on the contract claim by the time Desin and Murphy were added as defendants, dismissal almost certainly would be fatal to the fraud claim.  And if the statute had not already run on the contract claim by that time, then dismissal almost certainly would be fatal to both claims.

Other factors, however, weigh against an extension.  Desin and Murphy did not attempt to evade service; to the contrary, their attorney stated on the record that he would *accept* service for them.  *See Cardenas*, 646 F.3d at 1006.  Even after the service issue had been raised twice during status hearings—when Desin and Murphy's counsel gave notice that they had not been served and, in response to the court's questions, stated their belief that they had not waived

service by appearing and answering and indicated their intention to press the issue—and even after Desin and Murphy asserted lack of service under Rule 12(b)(5) as an affirmative defense, Landlock *still* did not attempt to serve them. *See ibid*. Landlock never "requested an extension from the court due to difficulties in perfecting service," *id*. at 1007, as there were no such difficulties given counsel's offer to accept service. And Landlock certainly did not "diligently pursue[] service during the allotted period." *Ibid*.

After considering and weighing the relevant factors, the court concludes that an extension would be unwarranted and inappropriate in this case. In so holding, the court recognizes the statute of limitations issue, but notes that the Seventh Circuit has held that the fact "that the expiration of the statute of limitations would bar refiling of the suit … neither require[s] nor justifie[s] an extension" under Rule 4(m). *Id*. at 1006; *see also Panaras*, 94 F.3d at 341 ("[A] district court may in its discretion still dismiss a case even after considering that the statute of limitations has run."). An extension is neither required nor justified here, for the limitations problem is wholly of Landlock's own making. Landlock waited until less than three months before the five-year limitations period expired to sue Desin and Murphy, leaving little room for error in the event of a snafu with service. Moreover, the failure to serve Desin and Murphy was entirely Landlock's fault, as defense counsel offered to accept service on their behalf; it is difficult imagine circumstances where it would have been *easier* for Landlock to serve Desin and Murphy. In fact, in response to counsel's offer, Landlock stated in open court that it *would* effect service—and yet it did not do so.

Landlock's inexplicable lack of diligence counsels strongly against a discretionary extension under Rule 4(m) and outweighs the factors, including the bar to refiling likely posed by the statute of limitations, that otherwise might justify an extension. *See Dumas v. Decker*,

556 F. App'x 514, 515 (7th Cir. 2014) (holding that "the [district] court reasonably concluded that plaintiffs' lack of diligence 'counsels heavily' against a discretionary extension and 'far outweighs' those factors that might justify an exception"); *Cardenas*, 646 F.3d at 1007 ("[I]t strikes us as eminently reasonable to hold the Plaintiffs accountable for their unexplained inaction in the face of their crucial burden to timely serve [the defendant] with process."); *Coleman*, 290 F.3d at 935 (affirming the denial of a Rule 4(m) extension where "the [plaintiff's] lawyer failed twice to serve the defendant properly, with no even colorable justification either time"). And "even if the balance of hardships appear[ed] to favor an extension"—which it does not—under the particular circumstances of this case, the court still would exercise "its discretion to hold [Landlock] accountable for [its] actions—or, more accurately, inaction—by dismissing" the claims against Desin and Murphy. *Cardenas*, 646 F.3d at 1007.

For the foregoing reasons, Landlock's claims against Desin and Murphy are dismissed under Rule 12(b)(5). The dismissal is without prejudice. *See Cardenas*, 646 F.3d at 1007 ("A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice."); Fed. R. Civ. P. 4(m) (allowing for a dismissal "without prejudice"). Given this disposition, there is no need to address Desin and Murphy's other arguments for dismissal. Only one defendant remains: Desin Management. It does not appear that Landlock has served that defendant, which has not appeared. Pursuant to Rule 4(m), Landlock has until March 13, 2015 to serve Desin Management and file the executed return; failure to do so will result in the dismissal without prejudice of that defendant.

February 20, 2015

_____
United States District Judge